# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-cr-1349-BAS |
|---|---|
| Plaintiff, | **ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION** |
| v. | **[ECF No. 49]** |
| CLINTON MACK REID, | |
| Defendant. | |

"No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). "Rather, the district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion.'" *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 687 n.6 (1980)).

The Government argues that the Court "overlook[ed] and [did] not address facts and argument[s] showing there existed probable cause to search Reid's car independent of Reid's *Terry* stop." (Gov't's Mot. 2:1-9.) However, the facts identified—for example, Easter Sunday being an Emerald Hills Bloods gang holiday,

and Emerald Hills Park being in a high-crime area, among other—are largely the same facts previously used to support reasonable suspicion in order to justify the *Terry* stop.  The reasonable-suspicion standard requires "'considerably less than proof of wrongdoing by a preponderance of the evidence,' and 'obviously less' than is necessary for probable cause." *Navarette v. California*, — U.S. —, 134 S. Ct. 1683, 1687 (2014).  Consequently, in failing to justify reasonable suspicion, the Government necessarily also fails to meet the higher probable-cause standard when relying on the same set of facts.  *See id.*

In light of the foregoing, the Court exercises its discretion and declines to reconsider its prior ruling on Defendant's motion to suppress.  *See Lopez-Cruz*, 730 F.3d at 811.  Accordingly, the Court **DENIES** the Government's motion for reconsideration.  (ECF No. 49.)

**IT IS SO ORDERED.**

DATED:  December 10, 2015

Hon. Cynthia Bashant
United States District Judge